IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MICHAEL ANTONIO NATSON,   *

    Petitioner,   *

vs.   *   CASE NO. 4:05-CR-21 CDL
        28 U.S.C. § 2255

UNITED STATES OF AMERICA,   *

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his sentence of March 19, 2007, pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Natson was indicted in this court on June 16, 2005, in a three Count Indictment charged in Count I with Premeditated Murder in the First Degree in violation of 18 U.S.C. § 1111; in Count II with Feticide under Georgia law, O.C.G.A. § 16-5-80, incorporated by federal law, 18 U.S.C. § 13; and in Count III with Murder With a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1) & (j). (Doc. 1).  Petitioner Natson pleaded not guilty to the charges and was tried by jury with counsel beginning on February 26, 2007. (Doc. 164).  On March 21, 2007, the jury returned guilty verdicts on all three Counts contained in the Indictment. (Doc. 170). Petitioner Natson was sentenced on March 19, 2007, to Life Imprisonment Without the Possibility of Parole (Doc. 167), and the same was made the Judgment of the Court on March 21, 2007 (Doc. 168).  Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit on March 26, 2007.  (Doc. 180).

On May 6, 2008, the Circuit Court affirmed Petitioner Natson's convictions. (Doc. 210). Petitioner Natson's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, presently under preliminary examination pursuant to Rule 4, Rules Governing Section 2255 Proceedings For The United States Districts Courts, was received in this court on September 23, 2009. (Doc. 212). Notably, Petitioner Natson pleads in his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 that his convictions were affirmed by "the Eleventh Circuit Court of Appeals on May 6, 2008 and on June 6, 2008," (Doc. 212 at 25), and further that:

> The Appeals Court denied the undersigned petition for a rehearing en banc, ("... the time to file the petition for writ of certiorari for all parties whether or not they requested rehearing runs from the date denial of rehearing ..."). See. Supreme Court rule 13.(3). The undersigned did not petition for a writ of certiorari in the Supreme Court. THEREFORE, the undersigned's 1-year limitation period did not begin to run, until after the 90-day period for seeking certiorari has expired. *Clay v. United States,* 537 U.S. 522 (2003).

*Id.* The records of this court contain no reference to Petitioner Natson's having filed a Petition for Rehearing *En Banc* with the United States Court of Appeals for the Eleventh Circuit. However, the records of the Clerk of that Circuit Court reveal that Petitioner Natson did file for such a rehearing, but the same was denied on June 6, 2008. (Doc. 212 at 25). Petitioner Natson has not misstated Supreme Court Rule 13, which provides for the running of a 90-day period in which a Petitioner may make application for *writ of certiorari* with the United States Supreme Court. Likewise, *Clay v. United States,* 537 U.S. 522 (2003), provides:

> Finality for the purposes of a § 2255 motion is "when the time expires for filing a petition for certiorari contesting the appellate court's affirmance of the conviction. *Clay,* 537 U.S. 522, 525, 123 S.Ct. 1072, 1075.

Petitioner Natson adds to the certification that his petition is "true and correct and was placed in the prison mailing system on September 3, 2009," the following:

> See *Houston v. Lack,* 487 U.S. 266 (1988) (Prisoner pleading is deemed filed at moment prisoner delivered mail to prison official for mailing.). Executed signed on September 3, 2009 (date). *S/ M. A. Natson.*

(Doc. 212 at 26). Petitioner Natson "doth protest too much, me thinks." *Hamlet,* III, ii.

## Discussion

In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the Court observed, "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes final.' 28 U.S.C. § 2255(1) (emphasis added)." To repeat, "Finality for the purposes of a § 2255 motion is when the time expires for filing a petition for certiorari contesting the appellate court's affirmance of the conviction." *Clay v. United States,* 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003). United States Supreme Court Rule 13.1 provides a period of 90 days from finality of conviction within which to file a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

Petitioner Natson's Motion for Rehearing *En Banc* was denied by the United States Court of Appeals for the Eleventh Circuit on June 6, 2008. There remained 24 days in the month of June, 2008, and 62 days in the months of July and August 2008, totaling 86 days. Therefore, Petitioner's 90-day period within which to make application for *writ of certiorari* expired on September 4, 2008, and his AEDPA 1-year period in which to file a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 began to run on September 5, 2008, and expired on September 5, 2009.

The date of Petitioner Natson's signature on the verification of his petition is September 3, 2009, while his petition was not received by the Clerk of this court until September 23, 2009. (Record/Doc. 212).

> In *Washington v. United States,* 243 F.3d 1299, 1300 (11th Cir. 2001), the court held:
>
>> A prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing. *See Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999). Under the mailbox rule, the burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed. *See Harvey v. Vaughn,* 993 F.2d 776, 781 (11th Cir. 1993). Absent evidence to the contrary in the form of prison logs or other records, we will assume that [the prisoner's] motion was delivered to prison authorities the day he signed it.

Because of the court's concern with the apparent disparity between the date Petitioner allegedly signed his Petition and the date it was received in the Clerk's Office, Respondent was ordered to answer or file other responsive pleadings to Petitioner's Motion. (Doc. 214). On November 30, 2009, Respondent filed a Motion to Dismiss Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on the basis that the Bureau of Prisons had carried its burden of disproving that Petitioner Natson's § 2255 Motion was timely filed via the *mailbox rule* or otherwise.

Respondent argues that Natson's one-year period for filing his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 began to run 90 days after the denial on June 6, 2008, of his motion for rehearing in the Eleventh Circuit Court of Appeals; that his judgment of conviction became final on September 4, 2008; and that he had until September 4, 2009, in which to file his § 2255 Motion in this court. However, said Motion was not filed until September 23,

2009. "Therefore, only if Natson's motion was delivered to prison authorities for mailing on or before September 4, 2009, can it be deemed timely." (Doc. 216 at 6). In support of its argument, Respondent submits an array of evidence from the Bureau of Prisons on the question of the filing date of Petitioner Natson's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

The certified Declaration of Michael Pineiro, Supervisory Correctional Systems Specialist, Federal Correctional Complex, Coleman, Florida, states that among his duties he is "supervisor for the consolidated complex mailroom." (Doc. 216-2). He states that he has "checked the mail logs for September 2009, to determine the date that Petitioner [Natson] provided prison officials with the petition filed in this action for mailing." *Id.* Supervisory Specialist Pineiro states:

> The certified mail log shows that Petitioner's parcel, certified mail number 7007 2560 0002 6077 8568, was taken to the United States Post Office for mailing on September 18, 2009, and was accepted by the USPS that day. An examination of the USPS Track and Confirm function for that certified mail number reveals that an attempt to deliver the parcel was made on September 21, 2009, and that it was successfully delivered to the recipient on September 23, 2009.
>
> Pursuant to the procedures used by staff at FCC Coleman, items provided to staff for mailing are brought to the United States Post Office within 24 hours of receipt. Therefore, the certified mail which was posted by Petitioner [Natson] on September 18, 2009, would have been provided to BOP staff (by Petitioner's dropping it in the inmate outgoing mail depository) no earlier than September 17, 2009. Had Petitioner provided his mail to BOP staff on September 3, 2009, as the date he provided on his petition would suggest, it would have gone out on September 4, 2009. Indeed, records reflect that certified mail provided to BOP by other inmates during that time period was taken to the United States Post Office for delivery on September 3, 4, 8, 10, 11, 14, 15, 17, and 18.

*Id.* Supervisory Specialist Pineiro certified his records as true and correct and furnished redacted

5

copies of outgoing certified mail log maintained by the FCC Coleman Complex for the period September 3 through September 18, 2009, illustrating his above statements. He adds, "This log is created and maintained in the course of the complex's regularly conducted activity as a matter of regular practice." *Id.* Respondent's attached exhibits of ten (10) parcels of mail bearing certification mailing stamp of the Coleman, Florida United States Post Office and the dates corresponding to Supervisory Specialist Pineiro as stated above. *Id.* The only outgoing mail bearing Natson's name and inmate number, 92529-020, was that stamped on September 18, 2009, by the United States Post Office, Coleman, FL 33521. The recipient of that parcel is shown on the exhibit as Office of the Clerk, U.S. District Court, P.O. Box 124, Columbus, GA 31902. The docket record of the District Court, Columbus Division, reflects that the envelope containing Petitioner Natson's § 2255 Motion received by the Clerk of this Court on September 23, 2009, in question here, bears the stamp September 18, 2009, USPO, Coleman, FL 33521, and the return address, Michael A. Natson, 92529-020, Federal Corr. Complex - USP2, P.O. Box 1034, Coleman, FL 33521-1034. (Doc. 212 , Part 5- Envelope). The envelope also contains the hand written words, *Return Receipt Requested. Id.*

On December 21, 2009, Natson filed a Motion for Leave to File a Memorandum of Law in Support of his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, and response to the Government's Motion To Dismiss. (Doc. 218). In this Motion, Petitioner Natson at paragraph 1) asserts, "On September 3, 2009, the petitioner Michael Natson filed/mailed his pro se motion to vacate, set aside, or correct , pursuant to 28 U.S.C. § 2255; and in accordance with *Houston v. Lack*, 487 U.S. 266 (1988)." This is the extent to which Petitioner Natson contests the timeliness of his Motion. He contends at his paragraph 5) that the Government asserts that

6

Petitioner's Motion contains only bare assertions, with little or no supporting factual allegations in his Grounds One through Ten. Petitioner moves the court to grant a period of sixty (60) days in which Petitioner may properly prepare and file pleadings to refute the Government's assertions in its Answer. *Id.* at 4. It must be noted that responding to the Government's assertions as to the Grounds of Petitioner's § 2255 complaint is a vain exercise until such time as the issue of the Motion's timeliness can be established so that this court would be authorized to address the merits of the grounds enumerated in the Motion.

Petitioner's Motion was not denied but, in fact, extended until March 1, 2010, more than 90 days from the filing of the Government's Motion to Dismiss. Nonetheless, Petitioner Natson has filed no reply to Respondent's Motion to Dismiss his § 2255 Motion as time-barred by the AEDPA 1-year period of limitations. Natson has failed to provide any evidence to rebut the BOP evidence establishing that his signature date on the Motion's certification was 15 days prior to the date he presented his Motion to the prison authorities to be mailed, and that his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 was therefore untimely.

Conclusions of Law

In *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, (1985), the Court ruled:

> The notion that a filing deadline can be complied with by filing something after the deadline falls due is . . . a notion without principle. If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statute of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.

*Id.* at 101, 105 S. Ct. at 1796. "A filing deadline cannot be complied with, substantially or otherwise by filing late – even one day." *Carlisle v. United States*, 517 U.S. 416, 430, 116 S. Ct. 1460 (1996).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Natson's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED as time-barred. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 3rd day of March 2009.

**S/G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**